GEORGE A. RICKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

THEODORE W. LITTLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM P. F. AYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6817, 10699, 16230.   Promulgated January 19, 1928.

*E. E. Wakefield, Esq.*, and *C. J. McGuire, Esq.*, for the petitioners.
*L. C. Mitchell, Esq.*, for the respondent.

## OPINION.

VAN FOSSAN: That the transaction of July 1, 1919, whereby petitioners and two associates paid in to the corporation property costing $117,401.53 and $25,000 in cash in exchange for 2,250 shares of stock, having a nominal par of $100 per share, is one which may give rise to a gain or loss under section 202 of the Revenue Act of 1918, was established by the decision of the Board in *Appeal of Napoleon B. Burge*, et al., 4 B. T. A. 732.

It is also well established that in determining the fair market value of stock, reference may be had to the value of the corporate assets, as well as all other pertinent facts. *Phillips* v. *United States*, 12 Fed. (2d) 598; *Appeal of William Ziegler, Jr.*, 1 B. T. A. 186.

The evidence in the case, however, does not, in our opinion, show that the assets had any latent value at the time of issuance of the stock in addition to the price paid therefor. Their cost was $117,401.53, to which was added a contribution of $25,000 in cash, giving the stock a value of $63.28 per share. Though the sale was of a business that was going down hill, it is the best evidence we have of the value of the assets thereby acquired. The fact that two years and a half later a sale of the stock was made at $81.79 per share must be considered and judged in the light of the further facts that in the meantime general conditions had much improved and, under petitioners' management, the company's business had increased. It is our opinion, after a full consideration of all the evidence, that the stock, when received by the petitioner, had a fair market value of $63.28 per share.

*Judgment will be entered on 15 days' notice, under Rule 50.*